SAMUEL VASSALLO, LEONARDO VASSALLO AND TERESA VASSALLO, PROSECUTORS-APPELLANTS, v. THE BOARD OF COMMISSIONERS OF THE CITY OF ORANGE, A MUNICIPAL CORPORATION OF THE COUNTY OF ESSEX, DEFENDANT-RESPONDENT.

Argued May 23, 1940—Decided October 10, 1940.

For the appellants, *Philip Singer* (*Leonard J. Emmerglick,* of counsel).

For the respondent, *Edmond J. Dwyer* (*Joseph F. Zeller,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. Appellants are the owners and operators of a motor vehicle junk business in the city of Orange and have been engaged in this business at a particular site since 1927. At the commencement of the business appellants acquired approximately 17,000 square feet of land for the purpose and at the time of the adoption of the original ordinance hereafter referred to had expanded their premises to approximately 30,000 square feet. Of their holdings, approximately 3,250

square feet are in a residential zone and with respect to this particular area appellants do not press the appeal, but evince a willingness to forego any claim of right to operate a motor vehicle junk business thereon. The remainder of the premises is in an industrial zone.

Respondent municipality enacted an ordinance in October, 1937, regulating and licensing the motor vehicle junk business or motor vehicle junk yards in the municipality. In November, 1938, a supplemental ordinance was adopted substantially revising the provisions of the earlier ordinance. The original enactment does not prescribe any extreme measurement of premises that may be occupied as and for a motor vehicle junk business or motor vehicle junk yard but describes the word "premises" as meaning "any building, open air plot of ground, yard, lot or parcel of land * * * wherein used motor vehicles are dismantled, and used parts of motor vehicles are stored, or offered for sale." The annual license fee fixed therein is in the sum of $50.

The supplemental ordinance provides that the "premises * * * shall be completely enclosed with and by an eight foot (8) high fence of such construction that the interior of the licensed premises, as well as the contents stored therein shall not be viewable from the street surface or the surface of property adjacent to or abutting upon the said licensed premises." The fence is to be of solid construction and the contents of the premises are not to be stored or piled higher than seven feet. No premises exceeding 3,500 square feet in area is to be licensed. This limitation of premises is further circumscribed by the provision that if the area exceeds thirty-five feet fronting on any street or is greater than 100 feet in depth no license shall issue. The license fee is revised to require payment of ten cents for each square foot of licensed premises with a minimum fee of $200 *per annum*.

The original ordinance is not under attack in this case and we express no view respecting it. Reference to its provisions in this opinion are considered only so far as they are a part of and included within the supplemental ordinance.

Appellants made application for license under the original ordinance in June, 1938. This application appears to have

been denied in September, 1938. No reasons for the denial of application are stated, nor was any formal action whatsoever taken by the municipality with respect thereto. The letter advising of the rejection was forwarded by the Director of Public Safety without any formal direction from the Board of Commissioners. The director testified that the commissioners agreed at what "might have been a private meeting," that, if Vassallo "didn't stop working, to go ahead and issue the letter." Such singular disposition of the rights of appellants is patently illegal. Subsequent to the adoption of the supplemental ordinance appellants renewed their application for a license but were unable to perfect it because of the fact that the premises sought to be licensed were considerably in excess of the maximum area of 3,500 square feet, as provided in this ordinance.

Upon *certiorari* to the Supreme Court, the refusal to grant a license under the original ordinance and the validity of the supplemental ordinance were upheld. Appeal being made to this court, appellants urge legal error in the judgment of the Supreme Court, in that the matters complained of constitute arbitrary and unreasonable confiscations of property. Respondent seeks to justify the refusal to grant the permit under the original ordinance and the adoption of the supplemental ordinance as a reasonable exercise of its police power touching the public health and safety. That a municipality may adopt such reasonable regulations is settled law. But, "When the control attempted to be exercised over private rights is in excess of that essential to effectuate such legitimate authority, it deprives the owner of his property by circumscribing the use of it, without giving him the just compensation secured to him in such case by the organic law." *Passaic* v. *Paterson Bill Posting Co., 72 N. J. L.* 285, 286. And we conclude that the action here complained of is within the ban of this last mentioned principle.

The Commissioner of Public Safety for respondent municipality testified that he did not know how many applications to license motor vehicle junk yards had been made under the ordinances and that he had no record thereof, but that no license had been granted under either ordinance. Other

applications for license had been made but the reasons for rejection do not appear. For appellants, it was testified that the motor vehicle junk business could not be operated profitably in an area confined to 3,500 square feet and respecting which testimony no contradiction appears. The original ordinance here involved is made not to apply to persons operating a junk shop or junk yard under another ordinance adopted December 1st, 1936, concerning the regulation and licensing of junk shops and junk yards. The essential difference between the two kinds of establishment is not stated and we must assume that the one refers to motor vehicle junk exclusively, while the other refers to every other kind of junk. This would seem to be a distinction, however, rather than a difference. To paraphrase the language of Mr. Justice Swayze in *Passaic* v. *Paterson, &c., supra* (at *p.* 287), the very fact that the ordinance in question is directed against the motor vehicle junk business or motor vehicle junk yards and not against any other junk business or junk yard, as may be comprehended within the earlier ordinance, indicates that some consideration other than the public safety led to its passage. The radical limitation of space and change in amount of license fee in the supplemental ordinance after only thirteen months' experience under the original ordinance, especially considering that no licenses had been granted thereunder, bespeaks also a motive springing from other than considerations of public safety. Rather, these matters direct us to the conclusion that the plan and purpose of the supplemental ordinance resulted from a determination to deprive appellants of the opportunity and the right otherwise secured to continue in the operation of their motor vehicle junk business and that the exercise of power thus demonstrated was arbitrary and capricious and, hence, unconstitutional and void. Nor does the fact that municipal officers and employes testified respecting the existence of certain nuisances and other hazards present in the operation of appellant's motor vehicle junk business alter the conclusion thus reached. The testimony is unimpressive and suffers also from the taint of what we consider to be the motives underlying the unreasonable exercise of power in this case. This conclusion being

dispositive of the matter, it is unnecessary to consider other points raised. We have examined the brief and citations of authority urged on behalf of respondent municipality but find nothing to persuade us otherwise.

The supplemental ordinance is declared void for the reasons above stated and, under the proofs submitted, appellants are entitled to the issuance of permit for the operation of their motor vehicle junk business or yard under the original ordinance.

The judgment appealed from is reversed.

*For affirmance*—DEAR, J.   1.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, HEHER, PERSKIE, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   9.