88 N.J. Super. 506 (1965)
212 A.2d 802
FRANCES M. LORIO AND CHARLES S. SHADE, PLAINTIFFS,
v.
SEA ISLE CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 8, 1965.
*507 Mr. Marvin D. Perskie for plaintiffs (Messrs. Perskie & Perskie, attorneys).
Miss Florence Josephson for defendant.
CAFIERO, J.S.C.
This is an action in lieu of prerogative writ in which plaintiffs seek to compel the City of Sea Isle City to institute condemnation proceedings so that they may be compensated for their lands being used as a location for a protective sand dune. Following the storm of March 6, 7, 1962 the defendant, pursuant to N.J.S.A. 58 App. A:9-51.5 to App. A:9-51.9 and a city resolution, contracted with the Army Corps of Engineers to erect a sand dune barrier along a five-mile strip of ocean front land. This dune was erected over plaintiffs' lands without the institution of condemnation proceedings. The dune still remains and plaintiffs have been denied all use of their land. (See Ordinance No. 314.)
Defendant resists the motion on the basis that the placement of the dune did not constitute a "taking" but rather a "regulation" under the police power and as such does not warrant compensation under eminent domain. The essence of the city's position is that the storm of 1962 created a condition of "imminent peril" necessitating emergency protective measures. The placing of the dune constituted a police power regulation analogous to those situations where property must be destroyed or damaged in face of imminent danger such as fire or flood for the protection of the community as a whole. American Print Works v. Lawrence, 23 N.J.L. 590 (E. & A. 1851). The injury is either damnum absque injuria or the owner is sufficiently compensated by sharing in the general benefits resulting from the exercise of the police power. 29A C.J.S., Eminent Domain § 6, p. 179; State v. Mundet Cork Corp., 8 N.J. 359 (1952); Annotation 5 A.L.R.2d 57 (1949).
Defendant, however, cites no law to support the view that the police power may be constitutionally extended to the extent that property owners will be deprived of any use of *508 their land, as is the case here. The law in New Jersey is, in fact, to the contrary. Vassallo v. Board of Com'rs of City of Orange, 125 N.J.L. 419 (E. & A. 1940). All but one of the New Jersey cases cited by defendant under the police power deal with situations such as zoning or health restrictions where there is a clear "regulation" rather than a complete deprivation of use. Even American Print Works case, supra, which involves the destruction of property to prevent the spread of fire, is of no value to defendant. That case, decided in 1851, contains several distinguishing elements. First, the suit was against the Mayor of New York for exceeding his authority under a New York statute which permitted the destruction of buildings in immediate peril to prevent the spread of fire. Secondly, there was no question as to the right of compensation for the destruction of the building since the statute provided for same. The issue was whether the mayor was liable for the damage caused to the goods within the building since the statute was silent on that point. The Court held that the mayor had acted lawfully under the statute in destroying the building and since there was no time to remove the goods inside, the destruction was "the unavoidable and necessary result" of his lawful act.
The most pertinent part of the case, however, deals with the Court's interpretation of the notion of "imminent peril" and "necessity," both of which were elements that must have been present before the destruction could be lawful, even with compensation.
"The necessity must be immediate, imperative, and in some cases extreme and overwhelming. Mere expediency or utility will not suffice. * * *
That branch of the doctrine to which I now refer is, of course, to be distinguished from that mere appropriation for public utility under a general state of necessity, and which comes within the doctrine of eminent domain. They are both spoken of sometimes as grounded in necessity, and they doubtless are so. But the latter stands strongly distinguished from that urgent necessity which, for immediate preservation, imperatively demands immediate action. His case who should throw up trenches on his neighbor's land for the protection of a town from an immediate hostile attack, as regards his justification, *509 would certainly stand on a very different footing from one who, under the authority of law, should do the same act in order to guard the town from prospective and merely possible future harm." (23 N.J.L., at pp. 604-606, emphasis added)
The language of the Court shows clearly the distinction between a case involving immediate peril such as the spread of fire, and one such as that with which this court is here presented. The principle of the fire and flood cases is simply not applicable to the circumstances with which the sand dune was placed and permitted to remain on plaintiffs' property. The imminent peril in this case occurred prior to the storm not after. At the time the dune was erected the necessity was no longer "immediate" or "imperative." The threat which existed was that which will always exist to a seashore community. The dune may have been a temporary emergency measure in the eyes of the city but it is certainly permanent to the plaintiffs. The dune has been occupying their land for approximately three years as of the date of this writing and as defendant admits, there is little likelihood of its removal in the immediate future. During all of this time the plaintiffs have been denied all use of their property.
Consequently the dune represents an appropriation to public use rather than a "regulation" under the police power. As such, Sea Isle City must institute condemnation proceedings and plaintiffs must be compensated.
Plaintiffs' motion for summary judgment is granted.