[No. 1514, May 9, 1913.]

# W. M. WOODY, et al., Complainants, v. THE DENVER & RIO GRANDE R. R. CO., Defendant.

## SYLLABUS (BY THE COURT).

1. While a railway company, under the constitution, may be required to provide and maintain "adequate depots, stock pens, station buildings, agents and facilities for the accommodation of passengers, and for receiving and delivering freight and express," and can, upon a proper showing be required to maintain a telegraph station and agent, for the accommodation of passengers and for receiving and delivering freight and express, it can not, independent of its duties as a common carrier, be required to furnish telegraph facilities so that the public may commercially derive convenience therefrom.

2. A railroad company is entitled to notice, in advance of a hearing, stating definitely the order which the State Corporation Commission is proposing to make, and the reasons therefor, so that it will be enabled to produce and present before the commission its evidence, if any it has, showing the unreasonableness or injustice of the proposed order.

3. This court can determine the reasonableness and lawfulness of an order made by the commission only upon the evidence adduced before the commission, and here presented by the record. Where the commission has failed to develop evidence showing the cost of furnishing a facility ordered, for the accommodation of passengers and for receiving and delivering freight and express, the court can not determine such questions and will not enforce the order.

From Corporation Commission.

E. N. CLARK, R. G. LUCAS and RENEHAN & WRIGHT, for appellant.

No petition filed or served upon defendant as required by law. Secs. 2 and 3, chap. 78, laws of 1912.

Woody v. R. R. Co., 17 N. M. 686.

No certified copy of the order was served on defendant as required by law. Sec. 4, chap. 78, laws of 1912; Morris v. Patchin, 24 N. Y. 394; Ry. v. Cutter, 19 Kas. 83; Wilcox v. Wilson, 178 Mass. 68; Ry. v. People, 200 Ill. 237; Nelson v. Blakely, 54 Ind. 29; Jones on Ev. (2nd ed.), sec. 523.

Defendant not required to maintain telegraph operator, and order to that effect is unconstitutional, unreasonable, unjust and confiscatory. Ry. Co. v. State, 100 Pac. 16; People's Telephone Co. v. Eastern R. R. Co. of Minnesota, et al., decided by R. R. Commission of Wisconsin on Oct. 12, 1908; Ry. v. State, 103 Pac. 617; secs. 18 and 20, art. 2, state constitution; Roller v. Holley, 176 U. S. 407.

There is no evidence in the record nor finding of the commission as to cost of installing telegraph service; therefore the court cannot say that the order is reasonable. Ry. v. People, 152 Ill. 230; Ry. v. State, 103 Pac. 617; Ry. v. State, 112 Pac. 1010; Ry. v. Board, 113 Pac. 252; Ry. v. Newell, 106 Pac. 818; State v. Ry., 76 Minn. 469; Ry. v. Town, etc., 106 Pac. 852; State v. Ry., 40 So. 263; Ry. v. Town, 106 Pac. 852; State v. Ry., 68 Miss. 653; Ry. v. Tompkins, 176 U. S. 167.

Provisions of the order with reference to passenger accommodations is incomplete, indefinite and uncertain and should not be enforced. Spelling on Inj. & Ex. R., sec. 1384; Privett v. Pressly, 62 Ind. 491; Ross v. Butler, 57 Hun. 110; 33 Cyc. 51; State v. Ry., 16 S. D. 517; Ry. v. People, 20 Colo. 181.

The requirement of a telegraph operator to furnish information as to the running of trains is unreasonable. Ry. v. State, 117 Pac. 330; sec. 7, art. 11, State Constitution; Town v. Ry. Co., 41 Conn. 348; Ry. v. State, 91 Ark. 348; Commission v. Ry., 80 S. W. 1141; People v. Railway, 103 N. Y. 95; Colon v. Lisk, 153 N. Y. 188; Ry. v. Colburn, 90 Tex. 230; Ry. v. State, 112 Pac. 1010.

FRANK W. CLANCY, Attorney General, for appellee.

As to cost involved in carrying out the order of the

commission. Jones on Evidence (2nd ed.), sec. 181; 1 Elliott on Evidence, sec. 141; U. S. v. D. & R. G., 191 U. S. 84; Runkle v. Burnham, 153 U. S. 216.

## STATEMENT OF FACTS.

On July 15th, 1912, the State Corporation Commission, upon an informal complaint filed with the commission by W. M. Woody, and other residents of Taos county, N. M., made an order for a hearing which order was as follows:

"Informal complaint having been presented to this commission by and on behalf of parties residing at and in the vicinity of Barranca, a station on the line of railway operated by the said The Denver & Rio Grande Railroad Company within the State of New Mexico, to the effect, that said company had failed to maintain at said station adequate facilities for the accommodation of passengers and for receiving and delivering freight and express, and that said company was not maintaining an agent at said station, to the great detriment of the complainants; the commission having made a personal examination into the matter, and it appearing to this commission that conditions are such as to require a more thorough investigation;

"It is hereby ordered that a hearing on the matter set out in said complaint be held at the office of the State Corporation Commission at Santa Fe, N. M., commencing at the hour of 10 o'clock a. m., on the 30th day of July, 1912, at which time and place the said complainants, will be heard in support of the allegations of their complaint, and the said railway company will be heard in rebuttal thereto.

"The parties in interest will be notified accordingly.

"Done at the office of the State Corporation Commission at Santa Fe, N. M., on the 15th day of July, 1912."

The following notice of hearing was served on the railroad company, viz:

"You are hereby notified that there will be a public hearing before the State Corporation Commission on the 30th day of July, 1912, at the hour of 10 o'clock a. m., at the office of said commission, in the city of Santa Fe, N. M., at which time testimony will be heard in matters

Woody v. R. R. Co., 17 N. M. 686.

relative to informal complaint filed by W. M. Woody, et al., to the effect that the said The Denver & Rio Grande Railroad Company has failed to maintain adequate station facilities for the accommodation of passengers and for receiving and delivering freight and express at its station at Barranca, a station on its line of railway within the State of New Mexico, and that said company is failing to maintain an agent at said station through whom the patrons of said railway may transact business with said railway company.

"A copy of the order of the State Corporation Commission for this hearing is hereto attached."

On the day fixed, the cause was heard, and thereafter the commission made the following order:

"It is therefore ordered by the commission that the Denver & Rio Grande Railroad Company install an agent who shall be a telegraph operator at its station of Barranca, whose duties shall be to care for the freight received and forwarded at this station, and to furnish information to the traveling public relative to the movement of trains and to provide suitable quarters and comforts for passengers waiting on trains at this station; and to take necessary train orders concerning the movements of trains, both passenger and freight, for the district between Embudo and Servilleta, the two points next adjacent in either direction at which telegraph operators are now maintained by the defendant company; and to receive and forward such telegrams as may be offered by the general public.

"The commission further orders that defendant company shall provide necessary wire connections for this service and to provide suitable accommodations within the depot station for the comfort and protection of passengers, and the proper handling of freight."

The railroad company failing to comply with the order within the time limited by the constitution, the cause was removed to this court by the commission.

## OPINION OF THE COURT.

ROBERTS, C. J.—In the case of Seward, et al. v. The Denver & Rio Grande R. R. Co. this court, at the present

term, in an opinion not yet published, settled many of
the questions presented by the record. Points discussed
by counsel in this case, not arising in the former case,
necessary to be determined now, may be briefly stated as
follows: (1) The order now under consideration required
the defendant to maintain a telegraph operator, whose duty
it should be to receive and forward such telegrams as might
be offered by the general public, thereby compelling the
defendant to engage in the commercial telegraph business.
The evidence failed to show that the defendant company
was engaged in the commercial telegraph business, and
the question presented is as to whether or not the com-
mission had the power to order the company to engage
therein. (2) The notice of hearing served upon the rail-
road company informed the defendant company that the
commission was proposing to investigate the question as
to whether or not the said company maintained adequate
facilities at the station of Barranca for the accommoda-
tion of passengers, and for receiving and delivering freight
and express, and the further question as to whether said
company should be required to maintain an agent at said
station through whom the patrons of the road could trans-
act business with the company. It will be observed that
no mention was made in the notice or order for the hear-
ing, of the fact that the commission would investigate the
question as to whether or not an agent and telegraph
facilities were necessary and required for the safety of the
traveling public and the employes of the road, in the op-
eration of defendant's trains. The question presented is
as to the power of the commission to make an order broad-
er in its scope than the notice served upon the company.
In other words, has the company to be affected, the right
to be advised in advance as to the extent of the relief asked
and the basis upon which a proposed order is to be made?
The question of safety being eliminated, (3) is the order
made by the commission reasonable and lawful, and should
it be enforced by the court, in the absence of any evidence
showing the cost of the facilities required to be furnished
by the commission.

Discussing the questions in the order presented, (1)

Woody v. R. R. Co., 17 N. M. 686.

there is no evidence in the record tending to show that the railroad company is engaged in the commercial telegraph business. While it is true that the railway company **1** may be required to provide and maintain "adequate depots, stock pens, station buildings, agents and facilities for the accommodation of passengers, and for receiving and delivering freight and express," and might, upon a proper showing, be required to maintain a telegraph station and agent, for the accommodation of passengers and for receiving and delivering freight and express, it could not, independent of its duties as a common carrier, be required to furnish telegraph facilities so that the public might commercially derive convenience therefrom. This same question was before the Supreme Court of Oklahoma in the case of R. R. Co. v. State, 100 Pac. 16. The syllabus of the case states the question presented and decided, tersely as follows:

"A railway company engaged as a common carrier in the transportation business is not required to install and maintain telegraph stations to receive and transmit messages for commercial purposes, independent of its business as such common carrier."

"A railway company is required to furnish all necessary equipment and facilities for the discharge of its duties as a common carrier; but when such are not reasonable and necessary for such purpose, it is not, independent of its duties as a common carrier, to be required to furnish them, that the public may, commercially, derive convenience therefrom."

To the same effect is the case of Ry. Co. v. State (Okla.), 103 Pac. 617.

This order imposed upon the defendant an obligation outside of its charter duties. Commercial telegrams are sent and received for purely private purposes. The railroad has no interest therein, and is in no manner benefited thereby, and the railroad company cannot be required to install and maintain telegraph facilities at the station unless such facilities are reasonably necessary on account of the safety and expedition of the train service, either freight or passenger, or of the convenience to be afforded

to the public by the railway company in the conduct of its freight or passenger service. The order cannot be sustained upon the assumption that an arrangement exists between the railroad company and a commercial telegraph company by which such commercial telegraph company will pay practically all of the salary of the operator. There is no showing in the record as to what the expense of maintaining such an operator would be, or that there is any such arrangement between the railroad and telegraph companies. Were there such an arrangement, nevertheless, this order would be unenforcible. The telegraph company is not a party to this case; it has never been given the hearing provided by sec. 8 of art. XI of the constitution; it has never had its day in court. A party is entitled to some notice before he can be deprived of his liberty or property.

In discussing the second proposition this court held in the case of Seward v. D. & R. G. R. R. Co., supra, **2** that the company to be affected by a proposed order was entitled to notice as to the order which the commission was proposing to make, so that it should have the opportunity to present before the commission evidence to show that the proposed order was unreasonable or unlawful; that it was the duty of both parties to present before the commission all the evidence in the case, so that when the cause is removed to the Supreme Court, the court can determine from the evidence the question of the reasonableness and justness of the order. It must be manifest that the railroad company is entitled, in advance, to know with reasonable certainty, the order which the commission is proposing to make, and the reasons therefor. The order in the present case served upon the defendant company, advised it that the commission was proposing to require certain facilities "for the accommodation of passengers and for receiving and delivering freight and express," and also to require said company to maintain an agent at the station of Barranca, through whom the patrons of said railway company could transact business with the company. Upon the trial of the case, two of the witnesses for the complainants incidentally stated

that Barranca was located at the summit of a four per cent grade on the railway, and that it was a dangerous place in the operation of trains. Admitting, without deciding, that the commission had the power to require a telegraph agent to be maintained, where it was shown to be necessary for the safety of passengers and employes in the operation of trains, still we think that the railroad company was entitled to notice in advance that the commission was proposing to base its order upon such fact. Here the railway company was only advised that such facilities were to be required for the accommodation of passengers, and naturally would only prepare to combat such contention. Having no intimation or knowledge that such facilities were to be demanded for the safety of the train service, naturally it would not prepare or have witnesses to prove that such facilities were not required for such purpose. If the commission had the power to make an order for such facilities, because of their requirement for safety in the operation of trains, the question of expense would not be involved. On the other hand, where such facilities are required or demanded for the accommodation of passengers and the patrons of the road, the question of expense necessarily enters into the question. In this case the railroad company had no notice prior to the hearing, or indeed no suggestion was made upon the hearing, to the effect that the commission was proposing to make an order based upon the necessity of such facilities from the standpoint of safety in the operation of trains. It is apparent, however, from the findings of fact made by the commission that it based the order made, in part, at least, upon the necessity of such facilities for the safety of passengers and employes in the operation of the road.

The question of safety in the operation of trains therefore being eliminated from consideration, because not included in the notice to the railroad company, the question arises as to whether or not the order made is reasonable and lawful and one which this court should enforce. The evidence in the case shows that the passenger and freight receipts for the year 1911 at this

station amounted to a total sum of $5,279.86, but there is no evidence whatever to show the cost to the company of furnishing the facilities ordered. This court can determine the reasonableness, and lawfulness of an order made by the commission only upon the evidence adduced before the commission, and presented to this court by the record. It is the duty of the commission to develop such evidence as will show that the order made by it is reasonable and lawful.

For the reasons stated the court must refuse to enforce the order made by the commission, and the cause is remanded to the Corporation Commission for further proceedings, should it so elect, in accordance with this opinion.