(No. 2135.   February 16, 1918.)

In re COAL RATES IN NEW MEXICO.

SYLLABUS BY THE COURT.

I.   The burden of producing evidence, to warrant a proposed order by the state corporation commission, rests upon the commission, where it initiates the proceeding, and the Supreme Court can determine the reasonableness or the lawfulness of an order made by it only upon the evidence adduced before the commission and presented to the court by the record.                                               P.706.

2.   Neither by the Constitution nor by statute is the commission given the power to suspend a proposed tariff, and the law does not cast upon a railway company the burden of justifying a rate or proposed tariff.                    P.706.

3.   The state corporation commission cannot cast the burden of justifying a rate upon the carrier, by serving it with an order to show cause why a given rate should not be established.                                                   P.707.

In the matter of the increase of 15 cents per ton over and above the rates now in force for the transportation of coal between points in New Mexico by railroad companies operating therein.   Proceeding re-

moved to Supreme Court by state corporation commission to secure enforcement of order. Order of commission declared unenforceable.

Harry L. Patton, Atty. Gen. (H. S. Clancy, of Santa Fe, of counsel), for Corporation Commission. W. C. Reid, C. M. Botts and George S. Downer, all of Albuquerque, for Atchison, T. & S. F. Ry. Co. and others. Hawking & Franklin, of El Paso, Tex., for El Paso Southwestern R. Co. and Arizona & N. M. R. Co.

## OPINION OF THE COURT.

ROBERTS, J. This proceeding was removed to this court by the state corporation commission pursuant to section 7 of article 11 of the state Constitution, for the purpose of securing the enforcement of an order made by the commission relative to rates for the transportation of coal. The transcript of the proceedings before the state corporation commission shows the following:

First. That on the 8th day of August, 1917, the commission, reciting therein that the defendants, having filed tariffs with the commission showing an increase of 15 cents per ton over and above the rates then in force for the transportation of coal between points in New Mexico, the same to become effective on August 20, 1917, ordered the defendants to show cause before the commission on the 18th day of August, 1917, why the rates then in force for transportation of coal by the defendants between points in the state should not be and continue in effect until otherwise fixed and determined by the said commission.

Second. That the defendants appeared on the date named, when the commission, without any evidence being introduced before it showing, or tending to show, that the proposed increase of the defendants' rates would be excessive, unjust, or unduly compensatory, or that the existing rates were just or fairly compensatory; but, on the contrary, through the chairman of its body announcing substantially that it had already reached a conclusion in the matter, without stating, however, what such conclusion was, offered

the defendants the opportunity to rebut such conclusion by testimony or other evidence, if they could, stating, among other things "We would not be readily disposed to reconsider the matter."

Third. That the defendants, protesting, among other things, that the commission had no right to enter such an order until the same was properly sustained by evidence before it, with the opportunity on the part of the defendants to rebut the same, declined to introduce any evidence or make such showing until the commission had placed them in that position, and thereupon the commission closed the hearing; but, thereafter, and on the same day, without making any findings upon which to base the same, issued the order requiring the defendants to continue the rates then existing until the further order of the commission.

Fourth. That the commission, on the 10th day of September, 1917, reciting in its order that it was "reliably informed and believes that the said railway companies, on the 20th day of August, 1917, and ever since the said date, in direct disobedience and disregard of the order of the said commission, have been charging and collecting an amount for the transportation of coal between points in this state, 15 cents per ton over and above the rates which were in force on the 8th day of August, 1917," directed that this cause be removed to this court.

All the common carriers in the state were served with notice and appeared at the hearings.

[1-2] The Attorney General appearing for the state corporation commission in this court admits that no evidence was introduced by the commission, and there is none in the record, showing that the proposed new rates were excessive or unjust, or that the old rates which were continued in force by the order of the commission were reasonable and proper. The order of the commission is attempted to be justified upon the theory that the burden of proof rested upon the railroads, and that they were required to show that the proposed increase in rates was justifiable; that the railroads having failed to introduce any evi-

dence in support of the increased rates were in default, and being so in default, under section 8 of article 11 of the Constitution, the commission properly entered the order suspending the rates. Section 7 of article 11 of the Constitution gives to the commission the power and makes it its duty to. fix, determine, supervise, regulate, and control all charges and rates of railway and other companies. Under the Constitution, orders of the commission, before being enforceable, must be passed upon by the Supreme Court; and in the case of Seward v. D. & R. G. R. R. Co., 17 N. M. 557, 131 Pac. 980, 46 L. R. A. (N. S.) 242, and Woody v. D. & R. G. R. R. Co., 17 N. M. 686, 132 Pac. 250, 47 L. R. A. (N. S.) 974, we held that by such requirement it was intended that such orders could not be held valid and enforced by the court, unless based upon sufficient evidence heard by the commission and preserved in the record. In the latter case we said:

"This court can determine the reasonableness and lawfulness of an order made by the commission only upon the evidence adduced before the commission, and presented to this court by the record. It is the duty of the commission to develop such evidence as will show that the order made by it is reasonable and lawful."

Neither by the Constitution nor by statute is the comimssion given the power to suspend a proposed tariff, and in no event is the burden cast upon the railway company or public utility corporation to justify a rate or proposed tariff. The burden rests upon the commission to produce evidence warranting its action in fixing a rate, or other action taken. This being true, the common carriers were not in default in this case.

[3] No formal complaint was filed with the commission. The proceeding was instituted by an order served upon the carriers to show cause why the rates then existing should not be continued in force and effect. The carriers were not, under the practice adopted by the commission in this case, required to file formal answer, for there was no complaint or issue presented which they could answer. They ap-

peared on the date set and announced they were prepared to introduce evidence to rebut any showing made by the commission as to the unreasonableness of the proposed rates. No evidence was introduced by the commission which tended to show either the reasonableness of the old rates or the unreasonableness of the proposed new rates. For this reason it was not incumbent upon the carriers to introduce any evidence. On behalf of the commission it is contended that because the railroads, by the order issued by the commission, were required to show cause, thereby the burden was cast upon the railroads to introduce evidence in the first instance, showing justification for the proposed increase.

The Constitution casts the burden upon the commission of supporting its orders by proof justifying the same, and if the commission, by serving an order upon a carrier to show cause why certain rates should not be established, or a given act done or performed, could, by adopting such a course, place the burden of proof upon the commission, it could then circumvent the plain intent of the framers of the Constitution that the burden should be upon the commission.

The record in this court contains no evidence supporting the order made by the commission, and we must decline to enforce the same; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.