BARKDULL, Judge.
This is an appeal seeking review of a final decree granting the appellees, N. R. Field and Janet Knox Field, plaintiffs below, relief from a City of Miami zoning ordinance restricting certain of their property to single family residences.
The appellants herein were inter-venors in the trial court. The appellee City of Miami was the original defendant in the trial court and has not filed an appeal seeking review of the final decree adverse to it and, therefore, it became a party-appellee pursuant to Florida Appellate Rule 3.11(a), 31 F.S.A.
The lower court, in its final decree, made the following findings of fact and conclusions of law thereon:
“Plaintiffs’ property comprises some 18 acres to the harbor line of Biscayne Bay, and extends from the Rickenbacker Causeway in a southerly direction some 1900 feet towards the Dade County Art Museum at Vizcaya, and lies between Brickell Avenue extension (a four lane 75 foot wide street with middle parkway) and the waters of Biscayne Bay. Its location is apparent in the upper left hand or southeast corner of the map incorporated by the Supreme Court in Tollius v. City of Miami, Fla., 96 So.2d 122, 123. The Court finds that the evidence submitted in this cause is not reasonably debatable, but, on the other hand, conclusive, that Plaintiffs’ property is not suited for single family residence purposes, and that restricting it to a R-1 zoning by said ordinance is arbitrary, unreasonable, confiscatory, void and unconstitutional.
“Already there have been a number of decisions which bear directly upon the validity vel non of the Defendant City’s ordinance as applied to the Plaintiffs’ property. Referring to the diagram in the Tollius decision again, the Supreme Court of Florida, in City of Miami v. Hammock Homes, Inc., Fla., 57 So.2d 459, held that zoning restricting the property shown at Figure (2), referred to at the trial as the Hunt property, to single family use, was void as being unreasonable, oppressive and unconstitutional. The same thing was held in the Tollius case, supra, concerning the property designated on the Supreme Court diagram by the *56 Figure (1) the Supreme Court holding that the changed circumstances existing at the Rickenbacker Causeway entrance to U. S. No. 1 and the similarity of the facts to those in the Hammock Homes case, justified the holding that single family zoning was void. Likewise, Judge Stanley Milledge of the Circuit Court of this County, in Chancery Case No. 133,160, which has long since been final and unreversed, entered a summary final decree holding that the property referred to as the Howard Johnson property and shown on Figure (3) in the Supreme Court diagram, should not be restricted to single family use, and that doing so was void and unconstitutional, as well as unreasonable and oppressive.
“These rulings were made in 1951 and 1952 on properties adjacent to the Causeway on the north and were directly opposite the Plaintiffs’ property, or diagonally across the street from it. It was argued in the brief of the Interveners that the north side of the Causeway should be the stopping point for liberalizing zoning on the land lying between Brickell Avenue and Biscayne Bay, but with this the Court cannot agree. It is obvious that the same changed circumstances, which. justified the Courts in holding R-l zoning to be oppressive and unconstitutional on the north side of the Rickenbacker Causeway, likewise exist on the south side of said Causeway on Plaintiffs’ property. Not to liberalize the zoning on Plaintiffs’ property, but to continue to confine it to R-l zoning on the ground that the Rickenbacker Causeway is a natural barrier, is unrealistic, arbitrary and unreasonable. Under the testimony before the Court, the same facts and circumstances which 'justified liberalizing the zoning on the north side of the Rickenbacker Causeway, likewise justify liberalizing the zoning on the Plaintiffs’ property on the south side of the Causeway.
“The Defendant City, on June 1, 1960, passed Ordinance No. 6650 for Beatrice Delaney, permitting two> skyscraper (21 story) apartment buildings to be located on her property 300' feet north of the Rickenbacker Causeway. Her property, which had been theretofore zoned for single family use, extended from Brickell Avenue to Biscayne Bay, and is an area less than one-half the size of the Plaintiffs’ property involved here. This ordinance recites that it was passed in the interest of the general welfare of the City of Miami, and, under the testimony and evidence in this case, the Court agrees fully with this finding of the Defendant City. The Delaney property is designated by Figure (9) in the lower left hand or southwest corner of the Supreme Court diagram in the Tollius case. (The undersigned, incidentally, is more than passingly familiar with the Tollius case.)
“Witnesses well qualified as experts testified that Plaintiffs’ property was not suitable for single family residence use. The pattern has been definitely set by changed conditions and Court decisions. There is not the slightest doubt that, when the City authorized the Rickenbacker Causeway to be thrashed through the Brickell Avenue residential section in 1947 alongside Plaintiffs’ property, it completed the change which had been in process since World War II of making Plaintiffs’ property unsuitable for single family residential purposes. As pointed out by Plaintiffs’ witnesses, and indeed it is obvious from the evidence, that Plaintiffs’ property is not desirable for single family residence use now. All the conditions which justified a change of zoning in the decisions previously mentioned are present here, only in the opinion of this Court more so. That zoning is highly desirable for orderly use of property in a city is not questioned here, but when it is apparent *57 that the circumstances which justified zoning Plaintiffs’ property in 1936 R-l have so completely changed as is evident here, the failure of the Defendant City to lift such restrictive zoning on the Plaintiffs’ property is unrealistic, unreasonable, arbitrary and void. It violates the Plaintiffs’ rights guaranteed to them by Section 12 of the Declaration of Rights of the Florida Constitution [F.S.A.] that they shall not be deprived of their property without due process of law and just compensation.
“This Court finds from the evidence and testimony in this case the following:
“1. That it is not debatable, but ■conclusive, that Plaintiffs’ property cannot be used in the zoning sense for ■single family residence.
“2. That Ordinance No. 1684 of the Defendant City, as applied to Plaintiffs’ property restricting its use to that ■of single family residence, is void and unconstitutional, arbitrary and unreasonable.”
The final decree arrived in this court with a presumption of correctness, and it was incumbent upon the appellant to demonstrate error. Mellet v. Henry, Fla. App.1959, 108 So.2d 69; Meadows Southern Const. Co. v. Pezzaniti, Fla.App. 1959, 108 So.2d 499. This not having been done, we approve and adopt the findings of fact and conclusions of law of the chancellor contained in the final decree.
Affirmed.
'ON PETITIONS TO REVIEW JUDGMENT FOR COSTS
PER CURIAM.
We have been presented in this appeal ■with separate petitions to review judgment ■for costs. The matter was not dealt with in our opinion on the merits of the appeal which was filed June 19,1962.
Having reviewed the petitions, considered the record and briefs, we conclude that the order appealed should be and it is hereby affirmed.
Affirmed.