168 So.2d 198 (1964)
DADE COUNTY, a political subdivision of the State of Florida, by and through its BOARD OF COUNTY COMMISSIONERS, and Robert Cook, as Director of Zoning, Dade County Zoning Department, Appellants,
v.
Morris PEPPER and Fannie Pepper, his wife, Sidney Pepper and Dorothy Pepper, his wife, and Pepper's Steel Drum Corporation, a Florida corporation, Appellees.
No. 64-195.
District Court of Appeal of Florida. Third District.
October 27, 1964.
Thomas Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
Aronovitz, Silver & Scher, Miami, for appellees.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
PER CURIAM.
Appellants, respondents in the trial court, seek review of an order granting a petition for writ of certiorari quashing certain resolutions of Metropolitan Dade County and directing the issuance of an unusual use permit, together with variances, so that the appellees might conduct a junk and salvage yard.
*199 The record on appeal reveals the following findings of fact and conclusions of law of the trial judge, to wit:
* * * * * *
"The subject property (Zoned IU-2  Heavy Industrial) is located in the unincorporated area of Dade County, Florida, and is in the center of the widest portion of an IU-2 zone wherein heavy industrial uses are permitted along its entire length extending approximately 2500 feet east and 1000 feet west of the subject property (see zoning map which forms a part of this record). Immediately adjacent to the subject property, on its western boundary, there is a smelter operation in existence; immediately east of the subject property there is a scrap yard and similar uses exist directly across the street to the north from the subject property as well as throughout the entire zone. Similar zoning exists on the opposite south side of the Miami Canal upon which the said property abuts. The North side of the property is abutted by the Sea-Airline Railway mainline tracks and further north, across N.W. North North River Drive, there are also heavy industrial uses in the same zone surrounding the subject property. Therefore on the north and south for many thousands of feet the property is similarly zoned and there are located in such zone numerous other scrap and junk yard operations, salvage businesses and other businesses engaged in open burning and smelting.
"Eight (8) months prior to the denial by the Zoning Appeals Board of Dade County of the request relief, said Board adopted Resolution ZB-314-61, which is stipulated to be a part of this record, by which there was granted to Eagle Tire Co., Inc., a special permit for unusual use to operate a `junk yard, to wit: auto and equipment wrecking, salvage and general scrap operation' on property at the intersection of theoretical N.W. 33rd Avenue and N.W. North River Drive approximately 600 feet east of Petitioners' property situate in the same IU-2 zone. Said resolution contained the specific finding by the Zoning Appeals Board that such unusual use `would be compatible with the area and its development and would conform with the requirements and intent of the zoning procedure ordinance'. Petitioners' requested relief is no more inconsonant with the area and its development and is likewise in conformity with the requirements and intent of the Zoning Procedure Ordinance.
"The Petitioners had for many years prior to 1959 lawfully operated their business at another location but such location was in 1959 condemned by the Dade County School Board, forcing a relocation to the subject premises which is, as already noted, surrounded by similar type businesses; at the time of such relocation, Petitioners applied for and were granted by the County the necessary occupational licenses to engage in such business at that location and such licenses have been reissued annually to Petitioners since that time. Furthermore, under the provisions of the Metropolitan Code of Dade County, the Petitioners could not operate their business anywhere in the County without a permit granted after a public hearing. If the County will not grant a permit for the operation of such business at the location which is the subject of these proceedings, surrounded as it is by other similar types of uses, then there is effectively no location in Dade County which would be approved; neither is there any other location which has been shown to have been available to Petitioners, or which is now available, which would fulfill all of the practical business requirements of such a business. Therefore, the refusal of the requested relief, in view of the fact that Petitioners were forced to move their business, would work an extreme hardship upon Petitioners *200 while achieving for the County only an insignificant, if any, gain or protection. City of Miami Beach vs. First Trust Company, 45 So.2d 681 (Fla., 1950); Miller Brothers Lumber Company vs. City of Chicago, [414 Ill. 162] 111 N.E.2d 149 (Ill., 1953). [emphasis by the trial court]
* * * * * *
"If the exercise of the police power goes beyond that which is necessary to obtain the protection of the public, then it is unreasonable and unconstitutional. Lockhard [Lockard] vs. City of Los Angeles, [33 Cal.2d 453] 202 Pac.2d 38 [7 A.L.R.2d 990] (California 1949); City of Miami Beach vs. Lochman, [Lachman] 71 So.2d 148 (Florida 1952); Forde vs. City of Miami [Beach], [146 Fla. 676] 1 So.2d 642 (Florida 1941); Vasallo [Vassallo] vs. Board of Commissioners of City of Orange, 15 A.2d 603 (New Jersey, 1940)." [emphasis by the trial court]
* * * * * *
This order arrived in this court with a presumption of correctness. See: Pitts v. Ahlswede, Fla.App. 1962, 139 So.2d 159; Frell v. Frell, Fla.App. 1963, 154 So.2d 706; City of Miami Beach v. Seacoast Towers-Miami Beach, Inc., Fla.App. 1963, 156 So.2d 528. It was incumbent upon the appellant to demonstrate error. See: Lynch v. Coppola, Fla.App. 1961, 129 So.2d 183; Weintraub v. Field, Fla.App. 1962, 143 So.2d 54; Groover v. Simonhoff, Fla.App. 1963, 157 So.2d 541. If the record on appeal supports the action of the trial judge, he should be affirmed. See: Davis v. Levin, Fla.App. 1962, 138 So.2d 351; Bargeon v. Bargeon, Fla.App. 1963, 153 So.2d 10; Lamb v. Dade County, Fla.App. 1964, 159 So.2d 477.
The appellant has failed to demonstrate that the trial judge committed error in the entry of the order here under review and, therefore, the same be and it is hereby affirmed.
Affirmed.