200 So.2d 831 (1967)
METROPOLITAN DADE COUNTY WATER AND SEWER BOARD, a Governmental Agency of Metropolitan Dade County, Appellant,
v.
COMMUNITY UTILITIES CORPORATION, a Florida Corporation, Appellee.
No. 66-626.
District Court of Appeal of Florida. Third District.
July 5, 1967.
Rehearing Denied August 10, 1967.
*832 Thomas C. Britton, County Atty., and Louis Schneiderman, Asst. County Atty., for appellant.
Myers, Kaplan & Porter, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant seeks review of a writ of certiorari quashing an order which directed the appellee to reduce its rates charged its customers. The able trial judge, in rendering his decision, said, among other things, the following:
* * * * * *
"Community Utilities Corporation is a water and sewer public utility company engaged in rendering of water and sewer services to consumers in Dade County, Florida. On May 2, 1963, the Metropolitan Dade County Water and Sewer Board, on its own motion, initiated a rate review proceeding against the Utility by the issuance of an Order to show cause why the water and sewer rates of the Company should not be reduced. The hearings continued over a period of time, being finally concluded on January 8, 1964. The Board, on April 29, 1964, ordered a reduction in rates resulting in a decrease of $23,000.00 in the Utility's gross annual revenue.
* * * * * *
"The Petitioner asserts ten grounds for reversal of the Board's Order including denial of procedural due process, denial of substantive due process and certain constitutional questions relating to the power of the Board to act. In view of the Court's ruling herein in favor of Petitioner on other grounds, it is unnecessary to rule upon constitutional issues.
"The record reflects that the rate proceedings below were initiated by the Respondent itself through issuance of a Rule to Show Cause `why its rates should not be reduced.' The Petitioner appeared on the date set for the rate hearing and announced that it was prepared to introduce evidence to rebut any initial showing made by the Board as to the unreasonableness of the Petitioner's established rates. No evidence, however, was initially introduced by the Board; rather, the Board adopted a procedure wherein it required the Petitioner to come forward with the evidence in the first instance. The Respondent Board, as the initiator of these rate proceedings was the complainant, and as the complainant it should have carried the initial burden of proof to establish the unreasonableness of the rates. See In Re Coal Rates, New Mexico, [23 N.M. 704, 171 P. 506] 1918 D PUR 182; Welch, Conduct of the Utility Rate Case, 1955, p. 203.
"There is no presumption that the existing rates of a public utility company are unreasonable; to the contrary, there is a presumption of reasonableness. Morris v. New Jersey Bell Teleph. Co., 6 PUR NS 258; In Re Coal Rates, New Mexico [23 N.M. 704] 171 Pac. 506; 1918 D PUR 182.
* * * * * *
"Petitioner utility contends there was no competent substantial evidence in the record to support the Board's finding limiting the executive salary expense allowance to $10,000.00. The Court agrees with this contention.
* * * * * *
"Public utility regulatory law requires a regulatory commission, in ruling upon the reasonableness of an executive salary *833 allowance, to base its ruling on evidence establishing the individual duties and activities of the particular executive in question, the complexity of duties performed, and the relative proportion that the salary paid bears to total revenues. See Re Siren Teleph. Co., 30 PUR 3d 336 (Wis. 1959); Re Ripley Water Supply Co., 74 PUR NS 446; Re Schooley v. Dallas Water Co., Penn.Comm.Docket 14473, January 29, 1951; Village[s] of Milford v. Ill. Commerce Comm., 20 Ill.2d 556, 37 PUR 3d 54, 170 N.E.2d 576; Re Valley Water Co., 79 PUR NS 88 (Mont. 1949). If any comparisons with the salaries paid by other utility companies are to be made, the comparisons must at least be based on showing of similar duties, activities, and responsibilities in the person receiving the other salary.
* * * * * *
"The Court does not question the right of a regulatory commission to determine the reasonableness of executive salaries as an item of expense for rate-fixing purposes; but any determination in this regard must be based upon competent substantial evidence. Here no such evidence existed except that offered by Petitioner. It is clear, then, that the finding of the Board on this point is arbitrary and constituted a substantial departure from essential requirements of law.
* * * * * *
"As noted by the Supreme Court of the United States in Southwestern Bell Telephone Co. v. Public Service Commission of Missouri, 262 U.S. 276, 289 [43 S.Ct. 544, 67 L.Ed. 981] (1923):
`The Commission is not the financial manager of the corporation and it is not empowered to substitute its judgment for that of the directors of the corporation; nor can it ignore items charged by the utility as operating expenses unless there is an abuse of discretion in that regard by the corporate officers.'
"We now come to the key issue in this case: Whether the determination by the Board in its Order limiting the utility to a 6% rate of return was supported by any competent substantial evidence. This Court thinks not and finds, after a thorough review of the record, that such determination was arbitrary.
* * * * * *
"The Board presented no competent evidence whatever on the question of rate of return. The final order stated that it had decided that a 6% return is `ample for this utility' and based its decision on the `familiarity the Board had developed from its review of the financial affairs and practices of the other thirty private utilities operating in Dade County.'
"The Board's opinion as to what is a proper rate of return is not a valid substitute for evidence. See Public Service Commission v. Ely Light and Power Co. [80 Nev. 312], 393 P.2d 305 (Nov. 1964); Washington Gas Light Company v. Public Utilities Comm. of District of Columbia [D.C.], 55 F. Supp. 627; Re Plainfield-Union Water Co., supra.
"In the Washington Gas Light Co. case, supra, the United States District Court had before it a situation similar to that here before this Court. There the Court was considering an order of the District of Columbia Public Utilities Commission which had made a determination that a reasonable allowance for the utility's cost of common stock equity was 9%. * * * The Court in setting aside the order stated in part:
`Taking as necessary that rates to be valid, not only under that act, but generally, must "enable the company to operate successfully, to maintain its financial integrity, to attract capital, and to compensate its investors for the risks assumed," there was no substantial *834 evidence before the commission to support its finding. A mere general opinion of the Commission, unsupported by findings of fact based on substantial evidence, is of no effect.

The question before the Commission was what constitutes a reasonable allowance based on the cost of the common stock capital. By cost of capital is meant interest charges and enough more to attract capital to the company, and to maintain its credit. Both the Commission and the company's witnesses used earning-price ratios as the principal method of ascertaining the investors' appraisal of the return required on the common stock capital. The Commission's witnesses found that the investors' appraisal of the return required on the common stock capital of the company was 11.68 percent and the company's witnesses fixed it at 10.98 percent, both exclusive of the cost of financing. The earnings-price ratio of the six gas companies to which the Commission's witness testified was 10.54 percent. In its findings the Commission adopted neither of these facts as the cost of common stock capital. It substituted 9 percent as a reasonable allowance and amended the slidingscale order of 1935 so as to reduce the primary rate of return from 6 1/2 percent 5 3/4 percent.
This allowance of 9 percent is not supported by any substantial evidence and is arbitrary, unreasonable, and void.
The order of the Commission should be set aside.' (Emphasis added)
"There being no competent substantial evidence in the record here involved to support the Board's decision on rate of return, it is clear that the Board failed to comply with the essential requirements of the law, and the Respondent's decision on this point is arbitrary and void.
* * * * * *
"* * * The Writ of Certiorari be and it is hereby granted and the Writ is issued as prayed. The Order of the Board entered on April 29, 1964, is quashed, with directions to the Respondent to discharge the Order to Show Cause." [Emphases supplied by trial court]
* * * * * *
The appellant has urged that the trial court erred in rendering the above order, in that the appellee waived any procedural errors and there was, in fact, competent substantial evidence to support the ruling of the Board. The trial judge's order arrived in this court with a presumption of correctness: See: Pitts v. Ahlswede, Fla.App. 1962, 139 So.2d 159; City of Miami Beach v. Seacoast Towers-Miami Beach, Inc., Fla.App. 1963, 156 So.2d 528; Dade County, By and Through Bd. of County Com'rs v. Pepper, Fla.App. 1964, 168 So.2d 198. It was incumbent upon the appellant to demonstrate error: See: Lynch v. Coppola, Fla.App. 1961, 129 So.2d 183; Weintraub v. Field, Fla.App. 1962, 143 So.2d 54; Groover v. Simonhoff, Fla.App. 1963, 157 So.2d 541; Dade County, By and Through Bd. of County Com'rs v. Pepper, supra.
We have examined the record on appeal in light of the errors urged by the appellant, and find them to be not well taken. Therefore, we affirm with approval so much of the trial court's order as is above set forth.
Affirmed.