FERGUSON, Judge.
Hill Bros., Inc. appeals from an order of the circuit court reversing the decision of the Metropolitan Dade County Commission granting Hill Bros, a use variance to sell alcoholic beverages.
Hill Bros., Inc. had operated a liquor business under the trade name of “Shell City Liquors” at 19152 Collins Avenue. Because this site was subject to condemnation for construction of the 192nd Street Causeway, Hill Bros., Inc. — a lessee — initiated a search for the relocation of its business.
The condemnation for the 192nd Street Causeway eliminated the only existing space in this immediate area in which Hill Bros, could operate without seeking a variance. Hill Bros, found a potential business location at the Thunderbird Shopping Center, 18410 Collins Avenue, about seven blocks south of its former location. On March 7,1979, Hill Bros, applied for the use variance which was granted by Metropolitan Dade County Zoning Appeals Board and approved by the Board of County Commissioners of Dade County.
Appellees, Reineng Corporation, a competitor in the alcoholic beverage business, then petitioned the Circuit Court of the Eleventh Judicial Circuit of Dade County, Florida by writ of certiorari alleging that Hill Bros, failed to demonstrate the hardship required for granting a use variance. The Circuit Court quashed the resolution of the Board of County Commissioners and ordered that the use variance be denied.
*381 The determinative issue on appeal[1] is whether the type of hardship demonstrated by Hill Bros, is legally sufficient to support the grant of a variance. In this context, the more narrow question is whether the hardship shown is mere economic hardship or whether the condemnation proceedings and nature of the business are special conditions resulting in a unique and unnecessary hardship.
Economic disadvantage alone does not constitute a hardship sufficient to warrant the granting of a variance. Burger King Corp. v. Metropolitan Dade County, 349 So.2d 210 (Fla.3d DCA 1977), dismissed, 355 So.2d 512 (Fla.1978); Dade County v. Frank ’N Bun Operating Co., 169 So.2d 875 (Fla.3d DCA 1964). Nor is a self-imposed hardship sufficient grounds for granting a variance. Elwyn v. City of Miami, 113 So.2d 849 (Fla.3d DCA 1959), cert. denied, 116 So.2d 773 (Fla.1959). The general rule is that an applicant for a variance must show that strict application of the zoning ordinance will produce unnecessary hardship with respect to his parcel of land. Crossroads Lounge, Inc. v. City of Miami, 195 So.2d 232 (Fla.3d DCA 1967), cert. denied, 201 So.2d 459 (Fla.1967); Elwyn, supra.
Under the Code of Metropolitan Dade County[2] unnecessary hardship may also be shown if the applicant for a variance proves that the denial of the variance goes beyond reasonable constitutional limits of the police power to protect the public. Although the application of the “palpably arbitrary and unreasonable test ... [showing] no reasonably debatable relation to the public health, safety or general welfare”[3] is normally limited to challenges to the zoning ordinance itself, this test may also be applied in determining whether hardship exists so as to justify a grant of variance.[4] See Dade County v. Pepper, 168 So.2d 198 (Fla.3d DCA 1964).
In Dade County v. Pepper, supra, this court found extreme hardship where owners who had operated a junk yard for many years were forced to move when their location was condemned and where, because of the nature of their business, they could not operate anywhere in the city without a permit granted after a public hearing. The court stated that:
“If the County will not grant a permit for the operation of such business at the location which is the subject of these proceed *382 ings, surrounded as it is by other similar types of uses, then there is effectively no location in Dade County which would be approved; neither is there any other location which has been shown to have been available to Petitioners, or which is now available, which would fulfill all of the practical business requirements of such a business.” Id. 168 So.2d at 199.
Denial of variances under these circumstances would be an “exercise of the police power [which] goes beyond that which is necessary to obtain the protection of the public [and] is unreasonable and unconstitutional.” Id. at 200.
In this case, Hill Bros, had operated the liquor business for twenty-six years; it did not choose to move but was forced to move because of condemnation proceedings. Hill Bros, could not move within its prior business vicinity and a move of seven blocks required a variance. Evidence before the Board showed that the proposed location would not change the character of the neighborhood but would, in fact, harmonize with it, that competitors were within one block of the new location, that adjacent property owners supported granting of the use variance to Hill Bros., Inc. and that the Homeowner’s Association unanimously supported the variance. Additionally, the supreme court recognizes that the stringent regulation of the alcoholic beverage industry makes attempts at its relocation particularly difficult. Skaggs-Albertson’s v. ABC Liquors, Inc., supra.
All the evidence which was before the Commission with respect to the loss of established business location by condemnation, nature of the business, the lack of any available area within the vicinity where the applicant could relocate without seeking a variance, and the character of the neighborhood where applicant sought to relocate, sufficiently proved hardship. The Board of County Commissioners[5] could reasonably find that under the circumstances of the case, a denial of Hill Bros.’ application for variance would result in an unreasonable and arbitrary use of the state’s police power. Upon review by writ of certiorari, the circuit court was not permitted to reweigh the evidence and substitute its judgment for that of the County Commission. See Bell v. City of Sarasota, 371 So.2d 525 (Fla.2d DCA 1979).
Reversed and remanded with instructions to reinstate the decision of the Board of County Commissioners.

. Reineng Corporation has standing to appeal the decision of the Dade County Commission under Skaggs-Albertson’s v. ABC Liquors, Inc., 363 So.2d 1082 (Fla.1978) and Rayan Corporation, Inc. v. Board of County Commissioners of Dade County, 356 So.2d 1276 (Fla.3d DCA 1978). Metropolitan Dade County, the named appellee in Reineng’s suit in the appellate division of the circuit court, joined part one of the brief of Hill Bros. Inc., intervenor below and here appellant, challenging the standing of Reineng Corporation.

. Article XXXVI, Section 33-311 of the Metropolitan Dade County Code provides:
(e)(1) Use variances from other than airport regulations. Upon appeal or direct application in specific cases to hear and grant applications for use variances from the terms of the zoning regulations as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions thereof will result in unnecessary hardship, and so the spirit of the regulation shall be observed and substantial justice done; provided, that the use variance will be in harmony with the general purpose and intent of the regulation, and that the same is the minimum use variance that will permit the reasonable use of the premises ... provided, however, no use variance shall be granted permitting a BU or IU use of any residential, AU or GU District unless the premises immediately abuts a BU or IU District. A “use variance” is a variance which permits a use of land other than which is prescribed by the zoning regulations and shall include a change in permitted density.

. City of Miami Beach v. Weiss, 217 So.2d 836, 838 (Fla. 1969). See also City of Miami Beach v. Breitbart, 358 So.2d 564 (Fla.3d DCA 1978).

. Since the “arbitrary and unreasonable” test of hardship is applied only to the individual in granting a variance and does not result in an area rezoning, the granting of the variances upon these grounds is within the authority of the Zoning Board. See, e. g., Clarke v. Morgan, 327 So.2d 769 (Fla.1975). Where the applicant is claiming a hardship unique to herself, she is not required to seek a change of the zoning for the neighborhood. See, e. g., Elwyn, supra 113 So.2d at 851.

. Article XXXVI, Section 33-313 of the Metropolitan Dade County Code provides for a de novo hearing upon appeal from the Zoning Appeals Board to the County Commission.