67 So.2d 765 (1953)
JOHNS
v.
BURNS et al.
Supreme Court of Florida. Division A.
November 6, 1953.
*766 Waybright & Waybright, Jacksonville, for appellant.
William M. Madison and O.O. McCollum, Jr., Jacksonville, for appellees.
SEBRING, Justice.
C.L. Johns, instituted suit in the Circuit Court for Duval County, to obtain a decree declaring his rights as conservator of the Estate of O.L. Johns, an absentee, to certain funds in the hands of the appellees as trustees for the pension fund for the fire department of the City of Jacksonville, Florida. By the allegations of the complaint it is admitted that the appellees' obligation was to continue paying the pension to O.L. Johns only so long as he was alive, or so long as certain beneficiaries, not here involved, should survive, pursuant to chapter 7175, Laws of Florida of 1915. The appellees averred by an amendment to their answer that the absentee, O.L. Johns, died on or about June 9, 1944; that no pension payment was then due to him; and that all obligation to make further payments was terminated by his death at that time. Upon the issue of fact squarely raised by this averment, the cause was referred to a special master for the taking of testimony, and for findings of law and fact.
The parties filed with the master a stipulation of agreed facts substantially as follows: At the time of his disappearance on June 8, 1944, O.L. Johns was 67 years old. He had retired from the Jacksonville Fire Department because of certain physical disabilities, which did not bother him in his daily life, and he had a pension of $98.44 per month, together with a monthly rental from the house he owned and bank accounts totaling over $14,000. Pension and rent payments were collected as they came due until the time of his disappearance, but not thereafter. He had no very close friends and only two relatives, a sister with whom he had not been in touch for a long time, and a son, the appellant, whom he saw every month or two, and he habitually spent his time outdoors fishing and berry picking, staying in certain small hotels or rooming houses mostly in Jacksonville or in Palatka. The appellant last saw his father on or about the 4th of June, just before his departure for Palatka, at which time Johns expressed anger at having to make certain income tax payments on his pension.
On the day of his disappearance, Johns left his boarding house in Palatka in his car to go eat breakfast at another establishment, not taking his hat or coat. He did not return after breakfast. About 2 weeks later his car was found in an open garage behind an apartment building owned by a son of the woman who ran the boarding house where Johns had breakfast on the morning of his disappearance. The car keys, fishing tackle and outboard motor usually kept in the car were missing. A search of his personal effects revealed no reason for Johns' disappearance, and an extensive search conducted by appellant was fruitless. In 1945 appellant was appointed conservator of his father's estate under chapter 22888, Laws of 1945, sections 747.01-747.04, Florida Statutes, F.S.A., and has acted in that capacity to date.
From the facts agreed to in this stipulation, the master concluded "that the said O.L. Johns was deceased prior to June 25, 1944, and that the time of his death was on or about June 9, 1944," and upon this finding, together with the circumstance that more than 7 years had elapsed since the disappearance, a decree was entered that "plaintiff has no rights as Conservator of the estate of O.L. Johns * * * to the monthly pension * * * from and after June 1, 1944."
Upon this appeal the issue presented is whether, upon the stipulated evidentiary *767 facts, the finding that O.L. Johns died at or about the time of his disappearance can be sustained.
It is elementary that in civil cases death may be proved by proof of facts raising a presumption of death, or by direct or circumstantial evidence. It is also settled that "the time of death is a fact to be proved as any other fact, and may be established by circumstantial evidence." 25 C.J.S., Death, §§ 9, 10. If the fact is proved by evidence and inferences therefrom, then no presumption as to death, common law or statutory, need be brought into play. And the proof in such cases is sufficient "if the circumstantial evidence amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence to the end that the evidence is not reasonably susceptible of two equally reasonable inferences." Mutual Life Ins. Co. of New York v. Hamilton, 5 Cir., 143 F.2d 726, 732.
"Neither the presumption of death arising from seven years' unexplained absence nor the rule that death is deemed to have occurred at the expiration of the period precludes an inference that death may have occurred before the expiration of such period where there are circumstances which would justify a conviction that death occurred at an earlier date, as for instance that the absent person, during the period after his disappearance, encountered some specific peril, or was subject to some immediate danger calculated to destroy life, or where the circumstances are such as to make it improbable that he would have abandoned his home or family, or that when he left home he was in poor health or in a precarious physical condition, or that he contemplated suicide, or by any other circumstances which when submitted to the test of reason and experience would warrant a conclusion of death at an earlier time." 25 C.J.S., Death, § 10.
Applying the foregoing to the facts as stipulated it is immediately apparent that the case presented is not that of a simple unexplained absence. Although in that situation death will be deemed to have occurred only at the expiration of 7 years, the general rule permits a finding as a matter of fact that the absentee died at the time of his disappearance where the circumstances are such as to make it improbable that he would have abandoned his former life, or under other circumstances "which when submitted to the test of reason and experience would warrant a conclusion of death". 25 C.J.S., Death, § 10. (Emphasis supplied). The facts of the case at bar would appear to meet this test.
So far as the stipulated record goes, Johns led a serene and untroubled life  one of complete freedom and enjoyment  and no good reason can be conjured up, even as an afterthought, for his assuming an incognito role.
The decisions relied on by appellant to sustain his position can, for the most part, be distinguished either on the point that the initial departure or disappearance was a planned one and the cessation of contact would therefore be as consistent with continued life as with death, at least for a time beyond the date of disappearance, In re Guaranty Trust Co. of New York, Sur., 19 N.Y.S.2d 985; or on the point that there was or might have been some reason to abandon the ties of daily life for a new one. See Howard v. Equitable Life Assur. Soc. of United States, 197 Wash. 230, 85 P.2d 253, 119 A.L.R. 1302; Wells v. Equitable Life Assur. Soc., 130 Neb. 722, 266 N.W. 597; Campbell v. Northwestern Mutual Life Ins. Co., 281 Ill. App. 158; Browne v. New York Life Ins. Co., Cir., 57 F.2d 62.
Having reached the conclusion that the finding of death at the time of disappearance was warranted upon the evidence, we think it apparent that no right to the pension fund ever accrued in favor of the absentee; therefore it is not necessary to determine the subsidiary issue of a conservator's right, vel non, under our statutes, to demand and receive such pension payments as may be due his absentee.
Since the decree in this case rests upon an express and legally warranted *768 finding that the absentee died at or about the time of his disappearance, no presumption on the basis of mere duration of absence need be indulged. Consequently, the question argued as to the effect of section 734.32, et seq., Florida Statutes, F.S.A., upon the common law presumption is not properly raised. But even if the latter proposition should be determined, the decision of the court below could only be bolstered. The language of sections 734.32-734.34, Florida Statutes, F.S.A., gives no indication of an intent to abrogate the common law presumption of death arising automatically after 7 years unexplained absence, but merely provides a method of establishing the fact of death when the presumption exists, so as to authorize issuance of letters of administration on the absentee's estate. Assuming that it might be necessary to rely on the common law presumption to some extent in the present case, the rule is clear that "The evidence may be sufficient to warrant a finding as to the time of death [earlier than the end of the 7 year period], although insufficient without the aid of the presumption of death to warrant a finding of death." 25 C.J.S., Death, § 10.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.