DREW, Justice.
Appellee, plaintiff below, filed a complaint alleging that he made a conveyance of certain lands by instrument on its face a deed but in fact a mortgage to T. B. Videon and wife, who to defeat his rights fraudulently conveyed the property to W. O. Videon and wife, who were aware of *397 the circumstances. The Court found that the alleged conveyance was in fact a mortgage and that appellee had the right to redeem from W. O. Videon and wife, who were not innocent purchasers for value, and entered an appropriate decree.
Two questions are presented by appellant viz.:
Question No. 1.
“On the evidence in the suit, was the conveyance of certain lands by the appellee to the appellant, T. B. Videon, by warranty deed absolute on its face, in fact and in law merely a mortgage to secure the payment of money?”
Question No. 2.
“On the evidence in this suit, was the appellant, W. O. Videon, an innocent purchaser for value of the said lands from the appellant, T. B. Videon?”
We have carefully considered the more than 200 pages of testimony in this case and the various exhibits and find that on almost every material issue the evidence is in hopeless conflict. The learned Chancellor below not only heard every witness personally but actively participated in the examination of many of them. It is apparent to us that every possible avenue was explored by respective counsel and the lower court in search of the truth.
Every decree or order appealed to this Court comes here with the presumption of correctness and we have said on many occasions that the appellant has the burden of showing that error was committed. The appellants here have failed tó carry that burden. See Markell v. Hilpert, 140 Fla. 842, 192 So. 392. Moreover, the record shows substantial, competent evidence to support the decree appealed from. See Markell v. Hilpert, supra; Elliott v. Connor, 63 Fla. 408, 58 So. 241.
Affirmed.
THOMAS, Acting Chief Justice, HOB-SON, J., and HOLT, Associate Justice, concur.