129 So.2d 183 (1961)
Arthur A. LYNCH, Appellant,
v.
Donald COPPOLA and Philip Epifano, individually and as Trustees; Vero Investors, Ltd., a Limited Partnership composed of Vincent J. Anthony and Donald Coppola, as General Partners; and St. Francis Corporation, a Florida corporation, et al., Appellees.
Kennith FRANK, Appellant,
v.
Donald COPPOLA and Philip Epifano, individually and as Trustees; Vero Investors, Ltd., a Limited Partnership composed of Vincent J. Anthony and Donald Coppola, as General Partners; and St. Francis Corporation, a Florida corporation, et al., Appellees.
Nos. 1815, 1816.
District Court of Appeal of Florida. Second District.
April 19, 1961.
Rehearing Denied May 12, 1961.
Brown & Cooksey, Fort Pierce, for appellant in Case No. 1815.
Anderson & Nadeau, Miami, for appellant in Case No. 1816.
John R. Gould, Vero Beach, and Jones, Adams, Paine & Foster, West Palm Beach, for appellees.
STEPHENSON, GUNTER, Associate Judge.
This consolidated appeal originated as four separate actions before the chancellor and is a twelve volume record before us. The final decree appealed from composed five pages of findings and six pages of adjudications. No useful purpose can be served by delineating the evidence before the chancellor. Each of the assignments of error in these appeals complains of the chancellor's findings. The chancellor personally saw and heard the witnesses testify. Every presumption favors the correctness of rulings of the chancellor and a final decree *184 largely or solely predicated on questions of fact will not be reversed unless the evidence clearly shows it to have been erroneous, and a presumption is stronger when the chancellor has himself heard the witnesses testify. Moreover, one who complains of error must make such error clearly appear. Harmon v. Harmon, Fla. 1949, 40 So.2d 209; and Videon v. Hodge, Fla. 1954, 72 So.2d 396.
We conclude, upon careful review, that no reversible error has been made to appear and, accordingly, the final decree of the chancellor is affirmed.
KANNER, Acting C.J., and SHANNON, J., concur.