## GROOVER v. SIMONHOFF, et al.
No. 62-C-914.

Circuit Court, Dade County.

January 18, 1963.

William E. Moschell, Miami, for plaintiff.

Cunningham & Weinstein, Miami, for defendants.

RAY PEARSON, Circuit Judge.

*Summary final decree, January 18, 1963:* This cause came on to be heard upon motions for summary final decree filed by the parties. The court is appreciative of the splendid presentation made by both counsel and their memoranda of law submitted in behalf of their clients, and desires to commend both able counsel.

The court has carefully considered the entire record and is of the opinion that there is no genuine issue as to any material fact and that this is a proper case for the entry of a summary final decree. The court believes that the party litigants are entitled to an opinion by the court, and to a recitation of the facts and the law as the same have been understood by the court, and herein applied.

One Frank S. Roberts owned an undivided one-fourth interest in land situate, lying and being in Dade County, described as — All of Fractional Section 12, Township 59 South, Range 39 East. In or about 1926 Roberts disappeared from Dade County, and has not been heard from since. There is no dispute that he was lawfully married to Blanche B. Roberts at the time of his disappearance.

On November 13, 1954, Blanche B. Roberts conveyed as "a single woman" said property to one Esther Cohen by quit claim deed recorded in the public records of Dade County, on November 16, 1954. The deed recites, in part —

"It is the intention of the grantor herein to convey to the grantee herein all the interest in the above property which was formerly owned by Frank S. Roberts, same being an undivided one-fourth interest therein.

"Frank S. Roberts, husband of the grantor herein, died about fifteen years ago, leaving the grantor herein as his sole heir."

Defendants Simonhoff, et al. (counter-claimants) claim their title, following mesne conveyances, through this deed.

Plaintiff Groover claims an interest in the above described property, superior to the defendants. On December 3, 1954 Blanche B. Roberts, as petitioner, filed in the county judges' court, in and for Dade County, in probate (In re Estate of Frank S. Roberts, deceased, no. 34197-A), a petition seeking a determination of presumption of death; to be declared the sole heir; administration unnecessary, etc. On May 2, 1955, by final order the county judge granted the relief she sought. On March 10, 1956 Blanche B. Roberts conveyed the subject property to the plaintiff.

The plaintiff prays that title be quieted in him and that defendants' claim be held for naught. The defendants counterclaim for substantially the same relief.

The issue, simply stated, is which deed, if any, conveyed title to the subject land. The court is of the opinion that the equities are with the defendants, and that as a matter of law the quit claim deed executed by Blanche B. Roberts conveying the subject realty to them was a valid conveyance. Therefore, the subsequent attempted conveyance of the same realty to the plaintiff herein was void and of no effect.

When Blanche B. Roberts executed her quit claim deed to the defendants, her husband had been missing for approximately eighteen years. The deed stated this fact and also the grantor's position as widow and sole heir of the intestate, and it further evinced an intent to convey all the interest that Frank S. Roberts formerly held in said property. The common law presumption of death arises *automatically* after seven years of unexplained absence. Sections 734.32 - 734.34 of the Florida Statutes merely provide a method of establishing the fact of death *when the presumption exists,* so as to authorize issuance of letters of administration on the absentee's estate. Johns v. Burns, Fla. 1953, 67 So.2d 765, 768. Further, this court is of the opinion that, for the purpose of the vesting and determination of rights and interests, the missing party is presumed to have died immediately upon expiration of the seven year period in the absence of any proof that actual death occurred before or after that date. Thus, the

interest of Blanche B. Roberts in the subject realty, as sole heir of the intestate Frank S. Roberts, vested in her immediately upon the expiration of the seven year period which created the presumption of her husband's death. At that time her claim to the subject land was good against the world and could only be defeated by actual proof that her husband was not, as a matter of fact, dead. To this day the situation is the same, no proof has been offered or even suggested that Roberts is not dead or that his actual death occurred some time after the seven year period. Therefore, Blanche B. Roberts conveyed a good and valid title to the subject realty by the quit claim deed she executed to the defendants in 1954.

The same conclusion is reached by this court even in the absence of the presumption referred to above fixing the time of death. The presumption of death at the expiration of seven years' unexplained absence is too well established to be controverted. It is the fixing of the exact time of death, in the absence of any proof on the issue, which may be subject to dispute. The court has expressed its views on this matter. Nevertheless, even if it were held that the exact time of the death of Frank S. Roberts was not established until the conclusion of the probate proceeding referred to above, the court would be compelled to reach the same conclusion.

Certainly, at the time the husband was *automatically* presumed legally dead, the wife had at least an equitable interest in the land.

"If a party has an equitable interest in the land, *(that is, for instance, an interest entitling him to invoke the power of a court of equity in enforcing a claim for the legal title)*, the equitable interest, right or title would be conveyed, although his executed and delivered conveyance were but a mere *quitclaim deed*." Reasor v. Marshall, Mo. App. 1949, 221 S.W.2d 111, 115.

In the instant case the facts speak for themselves. The wife had an equitable interest in the land, and in fact she conveyed it, and whatever interest her husband formerly held. She then went into a probate court and perfected her legal status as surviving widow and sole heir.

The Florida Court does not adopt the strict rule, that the deed must contain warranties for the doctrine of after acquired title and estoppel to apply. If the intention of the parties was to convey the fee or if the deed recited or imparted that the grantor had the seisen, such factors are sufficient to entitle the grantee to any title subsequently acquired by the grantor. 10 Fla. Jur., Deeds, §166.

The estoppel applies against any expressed or implied affirmation of the deed. The deed to the defendants-counterclaimants in the instant case actually contains such affirmations. The estoppel operates to prevent the grantor and his privies from setting up as against the grantee and those claiming under him a preexisting, outstanding title subsequently acquired by the grantor or his privies. Murray v. Newsom, Fla. 1933, 149 So. 387, 388.

A quit claim deed which does not purport to convey an interest or that the grantor is even possessed of any is not made valid by an after acquired title.

"But it is generally held that where a quit-claim deed recites or affirms, expressly or impliedly, that the grantor is seised of a particular estate which the deed purports to convey, and on the faith of which the bargain is made, the grantor will be thereafter estopped from asserting an after acquired title or interest in contradiction of the terms or implications of the deed. Where at the time of a quit-claim, the grantor has a title or interest which is inchoate or incomplete but which is of such a character as to pass to the grantee under the deed, the subsequent confirmation or completion of that title or interest will inure to the benefit of the grantee." 10 Fla. Jur., Deeds, §167.

Citing with approval the following from 16 Am. Jur., Deeds, §345 — "If a legal title subsequently vests in the grantor in virtue of an equity he had at the date of the quitclaim deed, such title will inure to the benefit of the grantee."

The court is also impressed with the fact that the defendants' deed had been recorded well before the attempted conveyance to the plaintiff herein. The recordation of the defendants' deed, if indeed it conveyed a valid interest, constituted notice to the plaintiff. It is significant that in the probate proceeding Blanche B. Roberts alleged, and it was subsequently confirmed by final order that — "The estate of Frank S. Roberts is without value."

It is apparent from said proceedings that Blanche B. Roberts did not consider that she, or her deceased husband, had any interest in the subject property. The same was not even mentioned.

Upon the foregoing as well as the entire record before the court, it is thereupon, ordered, adjudged and decreed that — (1) The equities are with the defendants and against the plaintiff. (2) Summary final decree be and the same is hereby entered in favor of the defendants, Harry Simonhoff and Ilse Simonhoff, his wife, Sam Simonhoff and Lillian Simonhoff, his wife, and against the plaintiff, J. E. Groover, and the defendants are hereby declared and adjudged to be the lawful owners of an undivided one-fourth

interest in the following described property — All of Fractional Section 12, Township 59 South, Range 39 East; free and clear of any claims by the plaintiff or any one claiming by, through or under him. (3) Plaintiff's deed to the subject property, recorded in deed book 3998 at page 494 of the public records of Dade County, is hereby declared null and void and of no further force and effect. (4) Plaintiff's motion for summary final decree is denied. (5) Defendants' prayer for damages is denied. (6) The court retains jurisdiction upon motion and notice to tax costs.

*Order, January 18, 1963:* This matter came on to be heard ex mero motu, and the court being fully advised in the premises and being of the opinion that it could not enter a summary final decree in favor of either party on their motions pending before the court without having before it as part of the record to be considered in its ruling the complete file of the proceedings instituted by Blanche B. Roberts on December 3, 1954 in the county judges' court, Dade County, in probate (file no. 34197-A), and the court, sua sponte, having examined the said file,

It is ordered that the described probate proceedings are adopted by this court as a part of its own record in this cause.