157 So.2d 541 (1963)
J.E. GROOVER, APPELLANT,
v.
HARRY SIMONHOFF AND ILSE SIMONHOFF, HIS WIFE, SAM SIMONHOFF AND LILLIAN SIMONHOFF, HIS WIFE, APPELLEES.
No. 63-181.
District Court of Appeal of Florida, Third District.
November 19, 1963.
William E. Moschell, Miami, for appellant.
Cunningham & Weinstein, Miami, for appellees.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
Appellant, plaintiff in the trial court, seeks review of a final summary decree entered in an action brought against the appellees, as defendants, to quiet title to certain property, wherein the appellees counterclaimed seeking to cancel and expunge from the public records the deed by which the appellant claimed his purported interest in the property. Following the filing of motions for summary decree by all parties, the able chancellor rendered a comprehensive final decree adjudicating the equities with the appellees, cancelling the deed under which the appellant claimed, and adjudicating the appellees to be the lawful owners of the property involved.
The facts giving rise to the action are set forth in the findings and conclusions of law of the chancellor, as follows:
* * *
"One FRANK S. ROBERTS owned an undivided one-fourth interest in land *542 situate, lying and being in Dade County, Florida, described as:
"All of Fractional Section 12, Township 59 South, Range 39 East.
"In or about 1926 FRANK S. ROBERTS disappeared from Dade County, Florida and has not been heard from since. There is no dispute that he was lawfully married to BLANCHE B. ROBERTS at the time of his disappearance.
"On November 13, 1954, BLANCHE B. ROBERTS conveyed as `a single woman' said property to one ESTHER COHEN by quit claim deed recorded in Deed Book 3998 at Page 494 of the Public Records of Dade County, Florida, on November 16, 1954.
"The deed recites, in part:
"It is the intention of the grantor herein to convey to the grantee herein all the interest in the above property which was formerly owned by Frank S. Roberts, same being an undivided one-fourth interest therein.
"Frank S. Roberts, husband of the grantor herein, died about fifteen years ago, leaving the grantor herein as his sole heir.
"Defendants SIMONHOFF, et. al. (counter-claimants) claim their title, following mesne conveyances, through this deed.
"Plaintiff GROOVER claims an interest in the above described property, superior to the defendants. On December 3, 1954, BLANCHE B. ROBERTS, as petitioner, filed in the County Judges' Court, in and for Dade County, Florida, in Probate, In re: Estate of FRANK S. ROBERTS, Deceased, No. 34197-A a petition seeking a determination of presumption of death; to be declared the sole heir; administration unnecessary, etc. On May 2, 1955, by Final Order the County Judge granted the relief she sought. On March 10, 1956 BLANCHE B. ROBERTS conveyed the subject property to the plaintiff.
"The plaintiff prays that title be quieted in him and that defendants' claim be held for naught. The defendants counterclaim for substantially the same relief.
"The issue, simply stated, is which deed, if any, conveyed title to the subject land. The Court is of the opinion that the equities are with the defendants, and that as a matter of law the quit claim deed executed by BLANCHE B. ROBERTS conveying the subject realty to them was a valid conveyance. Therefore, the subsequent attempted conveyance of the same realty to the plaintiff herein was void and of no effect."
* * *
The chancellor supported his conclusions of law upon two legal principles. First, the presumption of death arising after the expiration of seven years' absence and, second, after acquired title. In referring to both these principles, the chancellor, in his final decree, said as follows:
* * *
"* * * The common law presumption of death arises automatically after seven (7) years of unexplained absence. Sections 734.32-734.34 of the Florida Statutes merely provide a method of establishing the fact of death when the presumption exists, so as to authorize issuance of letters of administration on the absentee's estate. Johns v. Burns, Fla. 1953, 67 So.2d 765, 768. * * *
* * *
"* * * even if it is held that the exact time of the death of FRANK S. ROBERTS was not established until the conclusion of the probate proceeding referred to above, the Court is compelled to reach the same conclusion.

*543 "Certainly, at the time the husband was automatically presumed legally dead, the wife had at least an equitable interest in the land.
"If a party has an equitable interest in the land, (that is, for instance, an interest entitling him to invoke the power of a court of equity in enforcing a claim for the legal title), the equitable interest, right or title would be conveyed, although his executed and delivered conveyance were but a mere quit-claim deed. Reasor v. Marshall, Mo. App. 1949 [359 Mo. 130], 221 S.W.2d 111, 115.
In the instant case the facts speak for themselves. The wife had an equitable interest in the land, and in fact she conveyed it, and whatever interest her husband formerly held. She then went into a probate court and perfected her legal status as surviving widow and sole heir.
"The Florida Court does not adopt the strict rule, that the deed must contain warranties for the doctrine of after acquired title and estoppel to apply. If the intention of the parties was to convey the fee or if the deed recited or imparted that the grantor had the seisen, such factors are sufficient to entitle the grantee to any title subsequently acquired by the grantor. 10 Fla.Jur., Deeds, § 166.
"The estoppel applies against any expressed or implied affirmation of the deed. The deed to the defendants-counterclaimants in the instant case actually contains such affirmations. The estoppel operates to prevent the grantor and his privies from setting up as against the grantee and those claiming under him a pre-existing, outstanding title subsequently acquired by the grantor or his privies. Murray v. Newsom, Fla. 1933 [111 Fla. 193], 149 So. 387, 388."
* * *
The actions of the chancellor came to this court with a presumption of correctness. See Meadows Southern Construction Co. v. Pezzaniti, Fla.App. 1959, 108 So.2d 499; Lynch v. Coppola, Fla.App. 1961, 129 So.2d 183. It was incumbent upon the appellant to demonstrate error. See: Videon v. Hodge, Fla. 1954, 72 So.2d 396; Frell v. Frell, Fla.App. 1963, 154 So.2d 706. An examination of the record and the briefs filed by the respective parties fails to demonstrate that the chancellor committed any error, and his decree is supportable on either or both of the grounds upon which he based it. Immediately upon the expiration of the seven years' absence, the common law presumption of death arises, and the procedure provided for in Ch. 734, Fla. Stat., F.S.A. is no more than a procedure by which the Legislature has provided a method to judicially establish the presumption of death which has already arisen by the passage of time.
Therefore, the decree here under review is hereby affirmed.
Affirmed.