PER CURIAM.
The appellants, A. C. Martin, and Kathleen Martin, his wife, were the defendants in the trial court. They have appealed a final decree which dissolved a partnership, settled the accounts between the partners and entered judgment. The appellees, James J. Flanigan, and Mary B. Flanigan, his wife, were the plaintiffs. They have filed a cross-appeal directed to the same final decree.
The litigation here involved stems from the operation of a trailer park south of Homestead, Florida. The trailer park is on a twenty-acre tract of land. Half of the land is owned by the individual appellants and the other half is owned by the individual appellees. The land was purchased in 1956. By September 1958, appellants had advanced or provided their half of the purchase price and in addition, approximately $28,000.00 of the appellees’ half. On September 15, 1958, appellant took a mortgage for $28,840.18 on the appellees’ half to secure such advances. The principal of this mortgage had been reduced to $16,000.00 shortly prior to this litigation.
From the date of the acquisition of the property until December of 1963, the appellants were residents of the State of Virginia and maintained and conducted their own business in that State. The appellees likewise engaged in other business pursuits, but they were residents of Dade County, Florida, and were frequently called upon to-make visits to the park to attend to various problems. The land was first leased for a trailer park and later was operated as a trailer park under a resident manager. The appellants and the appellees operated the trailer park without any formal written contract or other agreement, except that their *6 profits or losses would be shared according to their “fifty-fifty” ownership of the property.
This trailer park business was operated in the aforesaid manner until January of 1964, when the appellants and the appellees had serious disagreements over the demands of the appellants for reimbursement for their travel expenses and living expenses between their home state of Virginia and the ti-ailer park for the years 1959 to 1964, together with, certain wages claimed by the appellants for activities in and around the trailer park during their visits.
On June 3, 1964, the appellants and the appellees entered into a stipulation for an agreed upon order authorizing the appointment of a joint agent to handle the bank account during the pending litigation and the employment of a manager to operate the park for the parties on a full-time basis.
Trial was had before the chancellor on January 13, 1965, and a transcript of that proceeding has been furnished to the court. The proceeding was on the main complaint of the appellees for dissolution of the partnership and for accounting, and upon the counterclaim of the appellants for foreclosure of the $16,000.00 balance of the mortgage owed by the appellees to the appellants.
The chancellor’s findings of fact are as follows:
“A. That the Plaintiffs, JAMES J. FLANIGAN AND MARY B. FLAN-IGAN, his wife, are the owners in fee-simple of an undivided one-half Q/2) interest in the hereinafter described real property, and that the Defendants, A. C. MARTIN and KATHLEEN MARTIN, his wife, are the owners in fee-simple of an undivided one-half Q/2) interest in the hereinafter described real property. Said real property being described as:
‘South of the South-west ]/■ of the Northeast J4 of Section 18, Township 57 South, Range 39 East, otherwise described as Lots 13 and 14, Block 1, according to MIAMI LAND & DEVELOPMENT COMPANY’S SUBDIVISION, as recorded in Plat Book 5, at Page 10, of the Public Records of Dade County, Florida.’
“B. That since on and after July 1, 1962 the Plaintiffs and the individual Defendants have engaged as co-partners in the operation of a trailer park, known as the DE SOTO TRAILER PARK on said real property and the income from said partnership, less any agreed upon expenditures, was to be distributed one-half Q/2) to the Plaintiffs, and one-half Q/2) to the individual Defendants.
“C. That since January of 1964, serious dissensions have arisen between said co-partners, in that the Defendants, A. C. MARTIN and KATHLEEN MARTIN, his wife, over the objections of the Plaintiffs, paid to themselves from the assets of the partnership, the sum of eight thousand five hundred sixty-eight dollars, eighty-seven cents ($8,568.87) as reimbursement of travel expenses and the payment of wages; in that the Defendants, A. C. MARTIN and KATHLEEN MARTIN, his wife, without the knowledge, or consent of the Plaintiffs, expended the sum of eight hundred seventy dollars, sixty-five cents ($8/0.65) from the assets of the partnership for materials and labor; in that the Defendants, A. C. MARTIN and KATHLEEN MARTIN, his wife, without the knowledge or consent of the Plaintiffs, paid the sum of two hundred eighty-four dollars, forty-five cents ($284.45) from the assets of the partnership to the law firm of Stafford and Carter for the formation of the Defendant corporation, DE SOTO TRAILER PARK, INC.
“D. That since January of 1964, the Plaintiffs regularly visited the Trailer Park operated by the partnership and received periodic reports of the income and expenditures of said partnership business *7 and thus were not excluded from the operation of said partnership business.
“E. That there was not, and never has been, an agreement by and between the Plaintiffs and the individual Defendants whereby the buying, repairing and selling of trailers by the Plaintiffs were to be part of the partnership business.
“F. That the Plaintiffs are indebted to the Defendants, A. C. MARTIN and KATHLEEN MARTIN, his wife, in the sum of sixteen thousand dollars ($16,000.-00) for monies advanced to the partnership by the Defendants.
“G. That as a result of the written offer and acceptance heretofore filed herein, whereby the Defendants, A. C. MARTIN and KATHLEEN MARTIN, his wife, have agreed to sell and convey to the Plaintiffs their undivided one-half G4) .interest in the real property more specifically described in the Complaint filed herein, for the cash price of seventy-five thousand dollars ($75,000.00), the question of the partition of said property has become moot.”
Appellants have presented nine points on appeal, several of which have three subdivisions. These sub-divisions must in reality be considered separate points. The appellees, cross-appellants, have presented three points on their cross-appeal. The record is extensive and shows a careful trial of the factual issues involved. Each of these points presents questions which would require a holding that the chancellor’s finding of fact was against the manifest weight of the evidence or that the chancellor abused his discretion in awarding fees or in ruling upon procedure.
After having heard argument and reviewed the record, we have reached the conclusion that error has not been demonstrated. The trial of this complicated matter was full and fair. The chancellor’s decree must be affirmed upon the basis of the rule stated in Lynch v. Coppola, Fla. App.1961, 129 So.2d 183. See also, Harmon v. Harmon, Fla.1949, 40 So.2d 209, and Videon v. Hodge, Fla. 1954, 72 So.2d 396.
Affirmed.