PER CURIAM.
This is an appeal from the trial court’s construction and application of an exemp *647 tion of the Fair Labor Standards Act, 29 U.S.C. § 201. The specific question presented to the trial court was whether a certain employee was exempt from the operation of the act. The trial court held that the employee was exempted and denied the plaintiff relief.
The plaintiff in the trial court is the appellant here. He was employed as a mechanic at defendant’s gasoline and diesel service station. A part of plaintiffs duties was to perform a towing service removing vehicles from interstate expressways. In addition, plaintiff had as a regular part of his duties the repair of the station’s tow truck. He was paid for forty hours work a week. He brought an action seeking recovery for overtime pay under the Fair Labor Standards Act.
The appellee presents as his defense a claim for exemption of the plaintiff-employee. The exemption claimed is that the appellant is not entitled to reimbursement for overtime wages because his duties fell within § 213(b)(1) of the act which provides that the provisions as to overtime shall not apply to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service.
The trial court had before it evidence showing that the plaintiff had duties affecting the safety of automobiles and the moving of interstate commerce. The trial court held that because the plaintiff spent a part of his time in safety-affecting duties relative to interstate commerce that he was therefore exempt.
A similar result was reached by the Fifth Circuit Court of Appeals in Foremost Dairies, Inc. v. Ivey, 204 F.2d 186 (5th Cir. 1953), in which the court held that a chief loader who supervised the loading of milk trucks from a railhead only during the winter months and then only once a week was entirely’ exempt from the overtime provisions of the act. Furthermore, in the case of Wirtz v. Robinson & Stephens, Inc., 20 Wage & Hour Cas. 765 (N.D.Ga.1972), the court held as follows:
% :{« %
“5. The mechanics, wrecker and truck drivers, drivers helpers, loaders, yardmen and dispatchers of the defendant corporation are employees with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service under the Motor Carrier Act of 1935, and are consequently exempt from the overtime requirements of the Fair Labor Standards Act. 29 U.S.C. § 213(b)(1).”

In addition, we are presented with two unreported decisions of the United States district Court, Southern District of Florida, each of which applied the exemption to an employee who had as a regular part of his duties the moving of supplies by interstate commerce.
The burden of this appeal is that the law as set forth in Wirtz v. Robinson & Stephens, Inc., supra, does not apply in the present case because here the operation was small with only one tow truck and in the instant case appellant should be considered as a mechanic in an ordinary service station.
As has been many times stated, a decision of the trial court arrives in this court with a presumption of correctness. See Lynch v. Coppola, Fla.App.1961, 129 So.2d 183. We have not been presented with any law which convinces us that the trial court’s application of the federal cases construing this federal statute is erroneous. Therefore, the judgment appealed is affirmed. See Pushee v. Johnson, 123 Fla. 305, 166 So. 847 (1936).
Affirmed.