WARNER, Judge.
Appellant petitioned the trial court to declare Graham Woods as deceased because he had perished at sea in the sinking of a cruise ship during a hurricane. Believing that section 731.103, Florida Statutes (1995), precluded the court from declaring Mr. Woods dead before the expiration of five years, the trial court denied the petition. We reverse.
Graham Woods was a crew member of the cruise ship, Club Royale. As Hurricane Erin approached on August 2,1995, the captain of the ship, Lars Engebretsen, took it out of port and tried to ride the hurricane out in the open sea off the coast of Cape Canaveral. In the hurricane the ship capsized and sank. The United States Coast Guard conducted an extensive search by aircraft and surface vessels to search for survivors for four days. It combed over 41,000 nautical miles of open ocean and found eight crewmen alive on two separate life rafts. It recovered the body of a ninth crew member on a third raft. Eventually the Coast Guard located 27 of the 30 life rafts from the ship. It found no trace of Mr. Woods or Captain Engebretsen.
Mrs. Woods promptly sought to have her husband declared dead pursuant to sections 731.103 and 733.209, Florida Statutes (1995). She filed a letter from the Coast Guard which detailed its efforts to find the ship’s crew. While the trial court considered the Coast Guard letter, it would not declare Mr. Woods dead, concluding that section 731.103(3) prevented it from doing so until five years after Mr. Woods’ disappearance. That statute provides:
(3) A person who is absent from the place of his last known domicile for a continuous period of 5 years and whose absence is not satisfactorily explained after diligent search and inquiry is presumed to be dead. His death is presumed to have occurred at the end of the period unless there is *905 evidence establishing that death occurred earlier.
§ 731.103(3) (emphasis supplied).
At common law, upon the expiration of seven years’ unexplained absence, a presumption of death arose. Groover v. Simonhoff, 157 So.2d 541 (Fla. 3d DCA 1963). Section 731.103(3) provides for that presumption to arise after only five years’ unexplained absence. The statute is merely a procedure by which the Legislature has provided a method to judicially establish the presumption of death which has already arisen by the passage of time. Id. at 543 (considering former section 734.34). However, just as the common law presumption did not preclude an inference that death is deemed to have occurred before the expiration of such period where the circumstances justify a conviction that death occurred at an earlier date, see Johns v. Burns, 67 So.2d 765, 767 (Fla.1953), so too we hold that the statute does not preclude the establishment of death by circumstantial evidence prior to the expiration of the statutory period.
The standard of proof to be applied in such cases is “[whether] the circumstantial evidence amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence to the end that the evidence is not reasonably susceptible of two equally reasonable inferences.” Id. (citing Mutual Life Ins. Co. of New York v. Hamilton, 143 F.2d 726, 732 (5th Cir.1944), cert. denied, 323 U.S. 760, 65 S.Ct. 94, 89 L.Ed. 608 (1944)). Mr. Woods and Captain Engebretsen literally “went down with the ship” in the middle of a hurricane. The Coast Guard conducted an extensive search and found some survivors, but not Woods and the captain. The case of Will of Conrad, 109 Misc.2d 756, 440 N.Y.S.2d 991 (N.Y.Sur.Ct.1981), is similar. The decedent had taken his boat for a trip from the Bahamas to West Palm Beach. The trip was estimated to take 8 to 12 hours, and Conrad was to send a radio message to his neighbor hourly during the trip. When Conrad failed to check in for a few hours, the Coast Guard was notified and a search commenced which turned up nothing. Considering other factors, such as his health, financial well-being, and close family ties, the court came to the “only logical conclusion ... that he met his death through some accident at sea.” Id., 440 N.Y.S.2d at 993. While there is no evidence of Woods’ family situation in this case, the evidence of an “accident at sea” is not circumstantial. Here, it is known that Woods’ ship sank during a hurricane, and that he was not among the survivors. We think no more is needed to reach the conclusion in this case that he died at sea.
Reversed and remanded with directions to enter an order declaring Graham Woods to be deceased and for further proceedings.
GLICKSTEIN and STEVENSON, JJ., concur.