LAMBERT, J.
Tommie Lee Andrews appeals the trial court’s denial of his petition to have his sister, Mable Louise Andrews, declared deceased, as she had been continuously missing for nearly 39 years. Because we *761 conclude .that the trial court erred in summarily denying the petition, we reverse and remand for an evidentiary hearing.[1]
On November 8, 2013, Appellant petitioned the trial court to declare his sister deceased pursuant to section 731.103(3), Florida .Statutes (2013). According to the petition, Appellant’s sister went missing in 1974 and has never been found. She was 14 years old at the time. The trial court denied the petition, finding that the evidence was insufficient to prove that she was dead.[2]
Section 731.103(3), Florida Statutes (2013), provides that:
A person who is absent from the place of his or her last known domicile for a continuous period of 5 years and whose absence is not satisfactorily explained after diligent search and inquiry is presumed to be dead. The person’s death is presumed to have occurred at the end of the period unless there is evidence establishing that death occurred earlier.... A petition for this determination shall be filed in the county in Florida where the decedent maintained his or her domicile....
§ 731.103(3), Fla. Stat.- (2013). Section 731.103(3) creates a presumption of death after the person has been absent for five years. Woods v. Estate of Woods, 681 So.2d 903, 905 (Fla. 4th DCA 1996) (“At common law, upon the éxpiration of seven years’ unexplained absence, a presumption of death arose.” (citing Groover v. Simonhoff, 157 So.2d 541 (Fla. 3d DCA 1963))). Section 731.103(3) “is merely a procedure by which the Legislature has provided a method to judicially establish the presumption of death which has already arisen by the passage of time.” Id. (citing Groover, 157 So.2d at 543). In applying section 731.103(3), the standard of proof is “ ‘[whether] the circumstantial evidence amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence to the end that the evidence is not reasonably susceptible of two equally reasonable inferences.’ ” Id. (alteration in original) (quoting Johns v. Burns, 67 So.2d 765, 767 (Fla.1953)).
Here, Appellant filed a petition, explaining that his sister has been missing since December 24, 1974. Appellant advised the court that ■ his sister left their home in Orlando to go'to the neighborhood park, but that she never returned. Their parents filed a missing person’s report with the Orlando Police Department. There was no indication that his. sister would have run away from home and there is no record of her whereabouts. Due to the length of time that Mable Louise Andrews has been missing, there exists a presumption that she is deceased. See § 731.103(3), Fla. Stat. (2013). At a minimum, Appellant was entitled to an eviden-tiary hearing before denying the petition.
REVERSED AND REMANDED.
SAWAYA and PALMER, JJ„ concur.

. Appellant raises two issues on appeal. The second issue, whether the judge should have been disqualified, is moot as a result of the retirement of the circuit judge.

. There is nothing in the record indicating • that an evidentiary hearing was held.